**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGIR SINGH,<br><br>            Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-71242<br><br>Agency No. A098-530-249<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

    Jagir Singh petitions for review of a decision of the Board of Immigration

Appeals (BIA) denying his application for asylum, withholding of removal, and

protection under Article III of the Convention Against Torture (CAT). We have

jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1.  Substantial evidence supports the BIA's finding that Singh was not credible. *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008).  Specifically, the BIA found it implausible that (1) Singh did not know why his former employer was arrested, even though the police allegedly became interested in him because of that arrest, and (2) Singh learned from his father only ten days before the hearing that the police accused him of ties to militants, even though he admitted to regular contact with his father since leaving India.  These implausibilities go to the heart of Singh's asylum claim. *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) ("Under our case law, testimony that is implausible in light of the background evidence can support an adverse credibility finding." (internal quotation marks and citations omitted)).  The BIA's implausibility determination is supported by the background evidence, *see Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007), and nothing in the record compels a contrary conclusion. *See Morgan*, 529 F.3d at 1206 (stating that under the substantial evidence standard, we may reverse an adverse credibility determination only if a reasonable adjudicator would be compelled to reach a contrary conclusion).

2.  Further, even assuming that Singh was credible, substantial evidence supports the BIA's alternative finding that he failed to establish past persecution. Singh conceded that he was never arrested or harmed by the Indian police.

Moreover, Singh failed to demonstrate that the threats made by the police were "so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

Substantial evidence also supports the BIA's finding that Singh failed to establish a well-founded fear of future persecution. The record evidence does not compel the conclusion that Singh's fear was objectively reasonable. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) ("The objective component can be established . . . by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." (internal quotation marks omitted)). As the BIA noted, Singh's employer, whose arrest purportedly had caused the police to focus on Singh in the first instance, had returned to government service as a cabinet-level minister by the time of Singh's removal hearing.

3. Substantial evidence supports the BIA's finding that Singh was ineligible for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) (holding that failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in failure to satisfy the "clear probability" standard for withholding of removal).

4.  Substantial evidence supports the BIA's finding that Singh was ineligible for CAT relief. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Singh failed to present any evidence that would compel the conclusion "that he would most likely be tortured by or with the acquiescence of a government official or other person acting in an official capacity" upon his removal. *Id.*

**PETITION DENIED.**